J-S75018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN JACKSON | |
| Appellant | No. 188 EDA 2014 |

Appeal from the Judgment of Sentence December 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011095-2011

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:              **FILED JANUARY 26, 2015**

Christian Jackson appeals from his judgment of sentence, imposed by the Court of Common Pleas of Philadelphia County, following his convictions for unlawful contact with a minor,[1] attempted aggravated indecent assault,[2] indecent assault without consent,[3] indecent assault of an unconscious person,[4] and corruption of minors.[5]  Upon review, we affirm.

_____

[1] 18 Pa.C.S. § 6318(A)(1).

[2]  18 Pa.C.S. § 901(A).

[3] 18 Pa.C.S. § 3126(A)(1).

[4] 18 Pa.C.S. § 3126(A)(4).

[5] 18 Pa.C.S. § 6301(A)(1)(i).

The Philadelphia Police Department began an investigation of Jackson after receiving a complaint that he molested his half-sister. On September 4, 2013, a jury convicted Jackson of the aforementioned offenses. Thereafter, the court sentenced Jackson to a total of 5 to 10 years' incarceration with credit for time served, followed by 7 years of probation. Jackson was also advised of his obligation to register in accordance with Megan's Law[6]. This timely appeal followed.

On appeal, Jackson argues that the trial court erred when it allowed Department of Human Services counselor, Angela Simes, to testify that she believed the victim and the victim's father and stepmother. The Commonwealth, however, argues that Jackson waived his claim and, in any event, any error with regard to the admission of Simes' testimony was harmless.

As a preliminary matter, Jackson failed to object to Simes' testimony. N.T. Trial, 8/29/13, at 81. Accordingly, we conclude that Jackson failed to preserve for appeal his assertion that the trial court improperly permitted Simes to testify that she believed the testimony of victim and her family members. **See Commonwealth v. Bryant**, 855 A.2d 726 (Pa. 2004) (failure to raise contemporaneous objection to evidence waives claim on

---

[6] 42 Pa.C.S. §§ 9799.10 – 9799.41.

appeal); Pa.R.A.P. 302(a) (issues not raised in lower court are waived on appeal).

Moreover, we note that any error in permitting Simes to testify on direct examination regarding the result of her investigation was harmless error. Here, Simes testified that after she spoke with the victim and the victim's father and stepmother, she found the abuse allegations were "indicated."[7] Jackson argues that allowing Simes to testify to her belief in the veracity of the witnesses' statements based upon her experience and education invaded the credibility determination function of the jury. We disagree. *See Commonwealth v. Hernandez*, 615 A.2d 1337 (Pa. Super. 1992) (rejecting claim that DHS social worker's testimony that, after interviewing victim, an "indicated report" was made, invaded province of jury).

Judgment of sentence affirmed.

_____

[7] The term "indicated" is defined in the Child Protective Services Law (CPSL) as follows:

Indicated report means a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare.

23 Pa.C.S. § 6301.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2015